Westlaw.

Slip Copy                                                                                                                          Page 1
Slip Copy, 2006 WL 2943623 (N.D.Ill.)
(Cite as: Slip Copy)

Chicago Regional Council of Carpenters Welfare Fund v. Johnson
N.D.Ill.,2006.
Only the Westlaw citation is currently available.
United States District Court,N.D. Illinois, Eastern Division.
CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND, Plaintiff,
v.
Christopher JOHNSON and Corboy & Demetrio, P,C., Defendants.
No. 06 C 4707.

Oct. 6, 2006.

Terrence Patrick Canade, Ernesto R. Palomo, Shane William Blackstone, Lord Bissell & Brook, Chicago, IL, for Plaintiff.
Daniel M. Kotin, Corboy & Demetrio, Chicago, IL, for Defendants.

*MEMORANDUM OPINION AND ORDER*
GETTLEMAN, J.
*1 Plaintiff filed a complaint in this court against defendants Christopher Johnson and Corboy & Demetrio, P.C., for specific performance and a constructive trust. Plaintiff seeks to enforce the terms of a reimbursement/subrogation provision in its ERISA-covered welfare fund, which requires a fund participant to reimburse the fund for the total amount of received benefits upon securing a judgment against a third-party tortfeasor. Plaintiff seeks to place a constructive trust on a portion of a settlement defendant Johnson received from a third-party tortfeasor, equal to the amount plaintiff's fund paid in benefits to defendant Johnson. At issue here is plaintiff's motion for a temporary restraining order to prevent dissipation of the disputed funds. That motion is denied without prejudice.

*BACKGROUND*

Plaintiff operates a welfare fund (hereinafter "the Fund") that provides death, disability and health benefits to participants(plf. reply, exh. A at 62). Defendant Johnson was a participant in the Fund, which contains the following term: "If you and/or your dependents receive amounts from sources other than the Fund in connection with a claim, you and/or your dependents agree to hold any amounts received in trust for the benefit of the Fund, and to reimburse the Fund for all benefits that the Fund has paid or that the Fund will pay in connection with the claim"( *id.* at 18). In addition, the Fund specifically states that the participant shall not reduce the amount owed to the Fund for any reason, including "by any costs to you and/or your dependents of litigation, including attorney fees, whether those costs are on a contingency basis or otherwise," and that "[t]he Fund shall not be responsible for attorneys fees or other costs in connection with efforts of you and/or your dependents to pursue recoveries from sources other than the Fund, unless the Fund has agreed in writing to pay such fees or costs"( *id.*)

The Fund paid defendant Johnson $65,810.57 in medical and disability benefits in connection with an automobile accident in 2003 (plf. verified cplt. at ¶ 11). Johnson subsequently filed a claim against a third-party tortfeasor and secured a settlement with the assistance of his attorneys, Corboy & Demetrio, in the amount of $550,000 ( *id.* at ¶ 14). During the pendency of the settlement, and after being notified by plaintiff of the Fund's reimbursement rights ( *id.* at ¶ 17), defendants filed a motion in state court seeking to adjudicate the rights to one-third of the $65,810.57 owed to plaintiff, alleging that the Fund is responsible for paying the one-third ($23,530.20) towards attorney fees in Johnson's case against the third-party tortfeasor ( *id.*)(def. resp. at 2). On the day plaintiff filed its appearance (as third party defendant) in state court, it filed its complaint and motion in this court for a temporary restraining order (plf. reply at 2).

*ANALYSIS*

As plaintiff seeks equitable relief in the form of specific performance, constructive trust, and resti-

Exhibit B

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                       Page 2
Slip Copy, 2006 WL 2943623 (N.D.Ill.)
(Cite as: Slip Copy)

tution, its claim is an equitable claim under ERISA, § 502(a)(3), and we have jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1132. *Administrative Committee v. Gauf*, 199 F.3d 767, 770-71 (7th Cir.1999). Plaintiff's appearance in the Circuit Court of Cook County does not vitiate our jurisdiction because plaintiff informed the state court at that time that it was seeking to adjudicate its rights in federal court. Additionally, plaintiff has not merely sought removal of the state court proceeding (see *Varco v. Lapis,* 172 F.Supp. 985, 990-991 (N.D.Ill.2001) (holding state court tort claim could not be removed to federal court based on defendant's claim of ERISA preemption)), but has initiated a separate action in this court.

*2 In order to prevail on a motion for a temporary restraining order, plaintiff must satisfy four requirements. First, plaintiff must show that it has some chance of prevailing on the merits in this case, and, second, that a denial of the temporary restraining order would cause it irreparable injury. *Abbott Laboratories v. Mead Johnson & Co.,* 63 F.3d 6, 11 (7th Cir.1992). If plaintiff clears these two threshold requirements, we then balance the harm to defendants if a temporary restraining order is granted, with the harm to plaintiff if it is denied, and determine what effect the granting or denying of the order will have on the public interest (*id.* at 11-12).

We first address whether plaintiff has met that first requirement. Defendants claim that the Illinois Common Fund Doctrine is not pre-empted by ERISA because the Fund is not self-funded and therefore falls under the savings clause of ERISA, which subjects plans not self-funded to state regulations of the plan's insurer. See *Tomczyk v. Blue Cross & Blue Shield United,* 951 F.2d 771, 775 (7th Cir.1991). Plaintiff's Fund does not fall under that ERISA provision.

The Fund is a self-funded ERISA plan. Defendants allege that the Fund is not self-funded because life insurance is purchased, rather than administered, by the Fund. The life insurance provision, however, is not at issue here. Johnson did not claim benefits under that provision, but under the medical and disability provisions, which are self-funded (plf. reply in support of motion, exh. A at 61).

Because the Fund is self-funded, this case is analogous to *Administrative Committee of the Wal-Mart Stores Inc. Associates' Health and Welfare Plan v. Varco,* 338 F.3d 680 (7th Cir.2003). In that case-on facts almost identical to the facts here-plaintiff prevailed in its claim for full reimbursement of benefits under the plan. The *Varco* court held that where the state law (in that case, as here, the Illinois Common Fund Doctrine), "contradicts the terms of the plan and therefore contravenes ERISA's requirements that plans be administered, and benefits be paid, in accordance with plan documents," the plan controls and the state law is preempted in line with Congress' intent (*id.* at 690). Just as in *Varco,* the Fund in this case includes language that expressly requires participants to pay for their own attorney fees (plf. reply in support of motion, exh. A at 18-19). Therefore, the requirement that plaintiff has some chance of prevailing on the merits is satisfied.

Plaintiff's motion must be denied, however, because it has failed to show irreparable harm. Here, defendants have not yet received the settlement award from the third-party (def. resp. to motion at 5). Additionally, defendants have filed a similar claim in state court, seeking to adjudicate the rights to the disputed amount, and there is no reason to believe that they intend to disperse the disputed funds, when collected, or that they otherwise intend to place them beyond the reach of this Court (*id.*).

*3 Furthermore, defendants Corby & Demetrio have an ethical obligation under the local rules of this court and under the Model Rules of Professional Conduct, as Illinois attorneys, to retain in trust any money from a settlement or judgement that remains in dispute either between the attorney and a third-party or the client and a third-party. SeeNORTHERN DISTRICT OF ILLINOIS LOCAL RULES OF PROF'L CONDUCT LR83.51.15 (1999); MODEL RULES OF PROF'L CONDUCT R.1.15 (2003); *Western States Ins. Co. v. Olivero &*

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy    Page 3
Slip Copy, 2006 WL 2943623 (N.D.Ill.)
**(Cite as: Slip Copy)**

*Assoc.*, 283 Ill.App.3d 307, 335-36, 218 Ill.Dec. 836, 670 N.E.2d 333 (Ill.App.Ct.1996)(applying Model Rule 1.15). There is no reason to believe at this time, without evidence to the contrary, that defendants plan to thwart their ethical obligations. Because the parties do not dispute that plaintiff is owed $42,280.37, (*see* plf. motion at 2; def. resp. at 2), we expect that upon receipt of the settlement award, defendants will tender the undisputed amount to plaintiff, and place the disputed amount into a trust until the parties' rights are adjudicated. In the event that defendants do not so act, plaintiff may then file a motion for preliminary injunction to prevent dissipation of the funds in question.

*CONCLUSION*

For the foregoing reasons, plaintiff's motion for a temporary restraining order is denied.

N.D.Ill.,2006.
Chicago Regional Council of Carpenters Welfare Fund v. Johnson
Slip Copy, 2006 WL 2943623 (N.D.Ill.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.