Westlaw.

Not Reported in F.Supp.2d                                                                Page 1
Not Reported in F.Supp.2d, 2005 WL 2716521 (W.D.Wis.)
**(Cite as: Not Reported in F.Supp.2d)**

**H**

Wausau Benefits, Inc. v. Baldino
W.D.Wis.,2005.
Only the Westlaw citation is currently available.
United States District Court,W.D. Wisconsin.
WAUSAU BENEFITS, INC., Plaintiff,
v.
Mark BALDINO; Richard Harris and The Harris
Law Firm, Defendants.
**No. 05-C-0007-C.**

Oct. 21, 2005.

Polly M. Haley, for Plaintiff.
Richard Harris, Attorney at Law, Las Vegas, NV,
for Defendants.

OPINION AND ORDER

CRABB, J.
*1 Plaintiff brought this suit against defendant
Mark Baldino pursuant to 29 U.S.C. § 1132(a)(3) of
the Employment Retirement Income Security Act
of 1974. Plaintiff contended that it was entitled to
$40,347.62 from the proceeds of a settlement
resolving defendant Baldino's personal injury suit
because plaintiff had paid defendant Baldino's med-
ical costs in this amount under an employee benefit
plan that contained subrogation, reimbursement and
third party liability provisions.

Plaintiff sought and was granted a temporary re-
straining order prohibiting defendant from dispos-
ing of any portion of the $40,347.62 remaining in
any location controlled by defendant until plaintiff's
motion for a preliminary injunction could be heard
and decided. Thereafter, plaintiff sought a prelimin-
ary injunction; defendant filed a motion to vacate
the temporary restraining order and to dismiss the
complaint. I denied defendant's motion to vacate
the temporary restraining order and granted
plaintiff's motion for a preliminary injunction after
finding that defendant had not shown conclusively
that neither he nor his counsel had possession of
any of the funds disbursed to him as a result of the
settlement.

On March 17, 2005, plaintiff filed an amended
complaint, adding Richard Harris, defendant's
counsel, and Harris's law firm as defendants in this
action and alleging that these defendants willfully
and intentionally interfered with plaintiff's contrac-
tual relations with defendant Baldino and converted
defendant Baldino's settlement payment intention-
ally and wrongfully. Plaintiff alleged that the Harris
defendants are citizens of Nevada and contended
that personal jurisdiction could be exercised over
them under the supplemental jurisdiction statute, 28
U.S.C. § 1367. Defendant Baldino filed an answer
to the amended complaint; the Harris defendants
filed a motion to dismiss the amended complaint.
That motion is before the court.

In support of the motion to dismiss, the Harris de-
fendants have filed the affidavit of defendant
Richard Harris, in which he avers that his firm is
located in Las Vegas, Nevada; defendant Baldino
retained him to represent Baldino in connection
with injuries Baldino suffered in an accident on Oc-
tober 9, 2003; defendant Harris negotiated a settle-
ment on Baldino's behalf in the amount of $55,000;
he disbursed the settlement funds minus attorney
fees and costs to Baldino on March 30, 2004 and
June 16, 2004; in a telephone conversation with
counsel for plaintiff, defendant Harris advised
plaintiff that all recovered funds had been dis-
bursed; he does not practice law in Wisconsin; he
has no contacts with Wisconsin; and he has never
been in the state of Wisconsin.

OPINION

In moving to dismiss, the Harris defendants assert
that the court lacks personal jurisdiction over them.
They argue correctly that a federal court sitting in
Wisconsin cannot exercise personal jurisdiction
over an out-of-state defendant unless a Wisconsin
state court could do so. The Wisconsin long-arm
statute is intended to reach to the fullest extent con-
sistent with the due process clause, *Mid-America
Tablewares, Inc. v. Mogi Trading Co.,* 100 F.3d
1353, 1358-59 (7th Cir.1996), but it does not ex-

Exhibit D

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                Page 2
Not Reported in F.Supp.2d, 2005 WL 2716521 (W.D.Wis.)
**(Cite as: Not Reported in F.Supp.2d)**

tend to persons and entities that are residents of other states and have had no direct or indirect contact with the state of Wisconsin. Plaintiff's only response to defendants' assertion of lack of personal jurisdiction is that ERISA allows for nationwide service of process; thus, once personal jurisdiction attaches to plaintiff's ERISA claim, jurisdiction is proper as to the remaining state law claims under 28 U.S.C. § 1367, which authorizes the exercise of supplemental jurisdiction over state claims in certain situations. It is undisputed that supplemental jurisdiction can be exercised over state claims. The question plaintiff fails to address is whether the mere ability to exercise supplemental jurisdiction over a state law claim allows a court to exercise personal jurisdiction over defendants who are not otherwise subject to nationwide service of process because they are not being sued under ERISA.

*2 Although it is plaintiff's task to establish that the exercise of jurisdiction over the Harris defendants is proper, plaintiff cites no case holding that a federal court may exercise personal jurisdiction over a defendant added to a suit for the sole purpose of responding to state law claims simply because the plaintiff has initiated a suit under ERISA against a different defendant. In all of the cases it cites, the question was whether a plaintiff that brought a suit against a defendant under a statute that allowed for nationwide service could sue that same defendant on additional claims. See_Robinson Engineering Co. v. Pension Plan & Trust v. George,_ 223 F.3d 445, 459-50 (7th Cir.2000); _IUE AFL-CIO Pension Fund v. Herrman,_ 9 F.3d 1049, 1056-57 (2d Cir.1993); _Medical Association v. United Healthcare Corp.,_ 00-Civ. 2800(LMM), 00 Civ. 7246(LMM), 2001 U.S. Dist. LEXIS 10818 at *14 (S.D.N.Y. July 31, 2001); _Miller Pipeline Corp. v. British Gas,_ 901 F.Supp. 1416, 1423 (S.D.Ind.1995). It is sensible to allow a plaintiff who has brought a defendant into court under one statute to try all of its claims against that defendant in one court; that is the purpose of the supplemental jurisdiction statute. It is another matter to use the statute as a basis for obtaining personal jurisdiction over a defendant that could not otherwise be haled into court.

Plaintiff has failed to cite a case in support of its position, it has not shown any reason to believe that § 1367 was intended to operate in the way they wish it would and it has not mustered any argument that would persuade me that it is not a violation of the Harris defendants' right to due process to force them to defend state law claims in this court. It is not enough for plaintiff merely to assert that adding the Harris defendants to a suit brought against defendant Baldino under ERISA makes them subject to the nationwide service of process provisions of ERISA. It must support that assertion with precedent or persuasive reasoning. My own research has disclosed no reason to think that plaintiff is correct. Therefore, I will grant the Harris defendants' motion to dismiss for lack of personal jurisdiction without reaching the other grounds they raised to support dismissal, such as plaintiff's failure to state a claim against them on which relief could be granted.

### ORDER

IT IS ORDERED that the motion of defendants Richard A. Harris and the Harris Law Firm to dismiss plaintiff Wausau Benefits' claims against them is GRANTED.

W.D.Wis.,2005.
Wausau Benefits, Inc. v. Baldino
Not Reported in F.Supp.2d, 2005 WL 2716521 (W.D.Wis.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.