Westlaw.

Not Reported in F.Supp.2d                                    Page 1
Not Reported in F.Supp.2d, 2001 WL 1772318 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.2d)**

**H**

Administrative Committee of Wal-Mart Stores, Inc. Associates' Health and Welfare Plan v. Varco
N.D.Ill.,2001.
Only the Westlaw citation is currently available.
United States District Court, N.D. Illinois, Eastern Division.
ADMINISTRATIVE COMMITTEE OF THE WAL-MART STORES, INC. ASSOCIATES' HEALTH AND WELFARE PLAN, Plaintiff,
v.
Clara VARCO and Laurence Dunford, Defendants.
**No. 1:01-CV-8277.**

Dec. 21, 2001.

PRELIMINARY INJUNCTION
LEFKOW, J.
*1 Plaintiff's motion for a preliminary injunction was heard by the Court on December 21, 2001. Thomas H. Lawrence appeared on behalf of the Plaintiff. Laurence Dunford appeared on behalf of Defendant Varco and Howard Brinton appeared on behalf of Defendant Dunford.

Based upon Plaintiff's motion and memorandum, the exhibits attached thereto, Plaintiff's First Amended Verified Complaint, statements of Plaintiff's and Defendants' counsel at the hearing, and the record as a whole, the Court finds that Plaintiff has an express statutory right to a preliminary injunction under 29 U.S.C. § 1132(a)(3)(A) to preserve this Court's ability to impose an equitable remedy such as a constructive trust as final relief in this action. *Illinois Bell Tel. Co. v. Illinois Commerce Comm., 740 F.2d 566, 571 (7th Cir.1984).* The Court also finds that Plaintiff will continue to suffer immediate and irreparable injury if this motion is not granted and that the acts of Defendants, if not enjoined, will tend to render final judgment in this action ineffectual.

The Court makes the following factual findings:

1. Defendant Varco was a "Covered Person" under the terms of the Plan, which is self-funded.

(Verified Complaint, ¶ 6).

2. Defendant Varco was injured in a personal injury accident in 2000, and sought to recover from the parties who caused those injuries. (Verified Complaint, ¶ 7).

3. In connection with the injuries suffered by Defendant, the Plan paid medical benefits on behalf of Defendant Varco in the amount of $34,035.55. (Verified Complaint, ¶ 8).

4. The Plan contains a reimbursement and right of recovery provision, which states:

RIGHT TO REDUCTION AND REIMBURSE-MENT (SUBROGATION)

The Plan has the right to 1) reduce or deny benefits otherwise payable by the Plan and 2) recover or subrogate 100 percent of the benefits paid or to be paid by the Plan on your behalf and/or your dependents to the extent of any and all of the following payments:
• Any judgment, settlement, or any payment made or to be made, relating to the accident, including but not limited to other insurance.
• Any auto or recreational vehicle insurance coverages or benefits including, but not limited to, uninsured/underinsured motorist coverage.
• Business and homeowners medical and/or liability insurance coverage or payments.
• Attorney's fees.

Cooperation Required

The Plan requires that you or your covered dependent cooperate to guarantee reimbursement to the Plan from third party benefits. Failure to comply with this request will entitle the Plan to withhold benefits due you or your dependents under the Plan Document. You or your covered dependents may not do anything to hinder reimbursement of overpayment to the Plan after you have accepted benefits.

Exhibit E

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                    Page 2
Not Reported in F.Supp.2d, 2001 WL 1772318 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.2d)**

All attorney's fees and court costs are the responsibility of the participant, not the Plan.

These rights apply regardless of whether such payments are designated as payment for, but not limited to:

**\*2** • Pain and suffering;

• Medical benefits;

• Other specified damages;

• Whether the participant has been made whole (i.e., fully compensated for his/her injuries).

Additionally, the Plan has the right to file suit on your behalf for the condition related to the medical expenses to recover benefits paid or to be paid by the Plan.

### NOTES:

• If you reside in a state where personal automobile injury protection or medical payment coverage is mandatory, the Plan takes secondary status. The Plan will reduce benefits for an amount equal to, but not less than, that state's mandatory minimum personal injury protection or medical payment requirement.

• The Plan has first priority with respect to its right to reduction, reimbursement and subrogation.

• The Plan is secondary to any excess insurance policy, including, but not limited to, school and/or athletic policies.

• The Plan has the right to reduce or withhold future benefits payments for your claims and your dependents' claims.

• The Plan will not pay for future medical charges related to the accident until medical charges have exceeded all amounts that were recovered, that should have been recovered, or are to be recovered by or on behalf of the participant.

• The Plan's section regarding the right to reduction, reimbursement and subrogation applies to the associate and to covered dependents.

• The Plan has the right to recover interest on the amount paid out by the Plan relating to the accident.

• The Plan has the right to recover the amount paid out relating to the accident in a lump sum.

• The Plan does not pay for nor is responsible for the participant's attorney's fees. Attorney's fees are to be paid solely by the participant.

• The right of reduction, reimbursement and subrogation is based on the Plan language in effect at the time of judgment, payment or settlement.

Participant's Responsibility Regarding Right of Reduction and/or Recovery

To aid the Plan in its enforcement of its right of reduction, recovery, reimbursement, and subrogation, the participant must, at the Plan's request and at its discretion:

• Take any action;

• Give information;

• Execute documents so required by the Plan.

Failure to aid the Plan and to comply with such requests may result in the Plan withholding or recovering benefits, services, payments, or credits due or paid by under the Plan.

The Plan's right to reimbursement occurs when the Plan pays your charges relating to an accident while waiting for a third party to make payment to you or to someone else on your behalf. Repayment to the Plan of 100 percent will be made at the time the payment is received by you, your attorney, or other person on your behalf.

(Verified Complaint, ¶ 9).

5. Defendant Varco has recovered $100,000.00 because of her injuries. (Verified Complaint, ¶ 10).

6. Varco was represented by Defendant Dunford. (Verified Complaint, ¶ 11).

**\*3** 7. Defendant Dunford was aware of the Plans' right of reimbursement. Despite filing of the present action by Plaintiff, Dunford settled all of Varco's claims and disbursed $22,000 of the settlement funds to himself and the remainder to Ms. Varco. (Verified Complaint, ¶ 12 and statements made in open court by Laurence Dunford).

8. To date, all Defendants have refused to reimburse the Plan in accordance with the Plan terms. (Verified Complaint, ¶ 13).

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                    Page 3
Not Reported in F.Supp.2d, 2001 WL 1772318 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.2d)**

The Court makes the following conclusions of law:

1. This Court has subject matter jurisdiction over this action and *in personam* jurisdiction over Defendants. *See Administrative Committee v. Gauf,* 188 F.3d 767, 771 (7th Cir.1999) ("Our circuit consistently has held that a complaint purporting to state a claim for equitable relief under a reimbursement clause in a benefits contract is an equitable claim for purposes of ERISA §§ 502(a)(3)"). Venue is proper in this Court.

2. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1132(a)(3).

3.

4. The terms of the Plan provide for full reimbursement, to the extent of benefits paid, from covered persons for sums paid by the Plan to the participants and/or their beneficiaries which the participant or beneficiary is able to recover from third parties.

5. The Plan's reimbursement provision allows for 100 percent reimbursement to the extent of benefits paid, from, among other things, liability insurance settlements and underinsured motorist coverage.

6. The Plan's reimbursement provision specifically provides that "[a]ll attorney's fees and court costs are the responsibility of the participant, not the Plan."

7. The provision also specifically provides that the Plan's 100 percent reimbursement right applies regardless of "[w]hether the participant has been made whole (i.e., fully compensated for his/her injuries)."

8. Finally, the provision requires Covered Persons to "cooperate to guarantee reimbursement to the Plan from third party benefits."

9. Defendant Varco has violated these provisions of the Plan by refusing to fully reimburse the Plan.

10. Since ERISA preempts state law and the Plan provides for 100% reimbursement from Plan participants and their beneficiaries as set forth above, Plaintiff has demonstrated a strong likelihood of success on the merits. *See Health Cost Controls v. Washington,* 187 F.3d 703 (7th Cir.1999).

11. Plaintiff has an express statutory right to a preliminary injunction under 29 U.S.C. § 1132(a)(3)(A) to preserve this Court's ability to impose an equitable remedy such as a constructive trust as final relief in this action. *Illinois Bell Tel. Co. v. Illinois Commerce Comm.,* 740 F.2d 566, 571 (7th Cir.1984). Further, the actions of Defendant, and all those in active concert or participation with him, unless restrained and enjoined will likely continue to cause Plaintiff to suffer immediate and irreparable injury because Defendant Dunford, by disbursing the settlement funds to himself and Varco, has given himself and Varco the ability, unless restrained, to place these funds beyond the reach of the Court and Plaintiff, thereby preventing the Court from imposing final equitable relief in this matter.

*4 12. Plaintiff has no remedy at law because 29 U.S.C. § 1132(a)(3)(A) and (B) authorize only injunctive relief and "other appropriate equitable relief."

13. Defendants will suffer no undue burden from being enjoined during the pendency of this action.

IT IS, THEREFORE, ORDERED, ADJUDGED and DECREED that:
1) Defendant Varco, and all those acting in concert or participation with her, including her attorney, Laurence Dunford, are restrained, on a pro rata basis, as follows, from disposing of $34,035.55 of the $100,000 in settlement funds received in settlement of Varco's personal injury claims: (a) Defendant Varco is restrained from disposing of $26,547.73 of the settlement funds she received until the rights of Plaintiff have been determined by this Court and (b) Defendant Dunford is restrained from disposing of $7,487.82 of the settlement funds he received until the rights of Plaintiff have been determined by this Court.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                    Page 4
Not Reported in F.Supp.2d, 2001 WL 1772318 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.2d)**


2) The $10,000 bond previously posted with the
Clerk by Plaintiff pursuant to the Court's entry of a
Temporary Restraining Order is a sufficient bond
for this Preliminary Injunction.

N.D.Ill.,2001.
Administrative Committee of Wal-Mart Stores, Inc.
Associates' Health and Welfare Plan v. Varco
Not Reported in F.Supp.2d, 2001 WL 1772318
(N.D.Ill.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.